UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON, CDCR #P-60805,<br><br>                       Plaintiff,<br><br>vs.<br><br>Lt. H. FERREL, et al.,<br><br>                       Defendants. | Case No.: 3:18-cv-02553-JAH-BGS<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)**<br>**(ECF Nos. 2, 3)**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

HERBERT JOHNSON ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint. (*See* Compl., ECF No. 1.)

Plaintiff's pleading is comprised of only one page that invokes jurisdiction pursuant to 42 U.S.C. § 1983, and includes a caption listing the former Warden of RJD, several correctional officials, a doctor, and a librarian as Defendants. (*Id.* at 1.) But he includes no

facts or demand for relief whatsoever. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought….").

Plaintiff has also not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has submitted two copies of his Prisoner Trust Account Statements, which the Court construes to be a request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.SC. § 1915(a).[1] (*See* ECF Nos. 2, 3.)

# I. Request to Proceed IFP

## A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

---

[1] "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (citing *Zichko v. Idaho*, 247 F.2d 1015, 1020 (9th Cir. 2001)). However, conclusory allegations unsupported by facts are insufficient to state a claim under section 1983. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Id.* (internal citation omitted).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. Discussion

As an initial matter, the Court has reviewed Plaintiff's Complaint and has determined it does not contain any "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at

1055 (quoting 28 U.S.C. § 1915(g)). In fact, Plaintiff's Complaint contains no facts at all. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,'" but it nevertheless "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation.") (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007)). And while the Court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court may, however, take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own dockets and other court proceedings available on PACER, the Court finds that Plaintiff Herbert Johnson, identified as CDCR #P-60805, while incarcerated, has brought more than three prior civil actions and appeals which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). They are:

1) *Johnson v. Deputy Malone, et al.*, Civil Case No. 2:10-cv-01611-GHK-RNB (C.D. Cal. April 26, 2010) (Report and Recommendation ("R&R") to Dismiss First Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)) (ECF No. 9); (C.D. Cal. June 4, 2010) (Order Adopting R&R) (ECF No. 11) (strike one);

2) *Johnson v. Walker, et al.*, Civil Case No. 3:12-cv-00841-LAB-RBB (S.D. Cal. June 26, 2012) (Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and Denying Motion to Proceed IFP as Moot) (ECF No. 11) (strike two);

3) *Johnson v. Walker, et al.*, Civil Case No. 3:12-cv-01837-CAB-BGS (S.D. Cal. Aug. 7, 2012) (Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 18) (strike three); and

4) *Johnson v. Millard, et al.*, Civil Case No. 3:11-cv-01691-JAH-NLS (S.D. Cal. Sept. 5, 2012) (Orders Adopting R&Rs to Grant Defendants' Motions to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF Nos. 37, 38); (S.D. Cal. Feb. 11, 2013) (Order Dismissing Action) (ECF No. 41)) (strike four).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

[3] Plaintiff has filed two other civil rights actions in the Southern District in which he was also denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g). *See Johnson v. Paramo, et al.*, Civil Case No. 3:16-cv-00723 BEN (RBB) (S.D. Cal. July 18, 2016) (Order Denying Motions to Proceed IFP and to Appoint Counsel as barred by 28 U.S.C. § 1915(g) and Dismissing Civil Action for Failure to Pay Filing Fee as Required by 28 U.S.C. § 1914(a)) (ECF No. 5); and *Johnson v. CDC Medical, et al.*, Civil Case No. 3:13-cv-2498-JLS-BLM (S.D. Cal. Oct. 24, 2013) (Order Denying Motion to Proceed IFP as Barred by 28 U.S.C. § 1915(g) and Dismissing Case for Failure to Pay Filing Fee as Required by 28 U.S.C.

## II. Conclusion and Order

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff leave to Proceed IFP (ECF Nos. 2, 3) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: January 31, 2019

Hon. John A. Houston
United States District Judge

---

§ 1914(a)) (ECF No. 4). And while Plaintiff appealed Judge Sammartino's Order in Civil Case No. 3:13-cv-2498-JLS-BLM, the Ninth Circuit denied Plaintiff leave to proceed IFP on appeal "because the USDC correctly determined that appellant has had three or more prior action or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." (ECF No. 9) (USCA Case No. 13-57086).